UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALEN BECK, Personal Representative
of the Estate of Eugene Beck,

    Plaintiff,

v.

                      File No.  1:97-CV-533

MANISTEE COUNTY,

                      HON. ROBERT HOLMES BELL

    Defendant.
                                           /

## **O P I N I O N**

This matter is before the Court on Plaintiff Galen Beck's motion for attorneys' fees, costs and interest pursuant to 42 U.S.C. § 1988.  This civil rights action stems from the drowning death of Plaintiff's decedent, Eugene Beck, on June 28, 1995.  Although this case originally named the City of Manistee, Manistee County, and various county and city officials as defendants, after two trips to the appellate court, two trials of this matter, and a settlement agreement on the eve of the second trial, the County remained as the sole defendant in this case.  On April 25, 2005, a jury returned a verdict in favor of Plaintiff and against the County in the amount of $600,000.  Plaintiff now seeks an award of attorneys' fees, costs and interest.

I.

A. Attorney Fees in Civil Rights Actions

Where a plaintiff prevails in an action pursuant to 42 U.S.C. § 1983, the Court may award reasonable attorney fees to the plaintiff pursuant to 42 U.S.C. § 1988. Section 1988 provides in pertinent part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . . the court in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). "Although 'may allow' has a permissive ring to it, the Supreme Court has read [Section 1988] as mandatory where the plaintiff prevails and special circumstances are absent." *Deja Vu of Nashville, Inc. v. Metro Gov't of Nashville*, 421 F.3d 417, 420 (6th Cir. 2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989)).

First, in order to recover an attorney's fee, a plaintiff must be a "prevailing party." To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Granzier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). That is, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties . . . in a way that directly benefits the plaintiffs." *Id.* (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)). Based upon this standard, it is beyond dispute that, in this case, Plaintiff was a "prevailing party." The jury in this matter

returned a verdict against the County in the amount of $600,000. Clearly this compensation achieved a benefit sought by Plaintiff in bringing the suit and altered the legal relationship between the parties. Indeed, the County has not contested the fact that Plaintiff is a "prevailing party" and is entitled to the recovery of reasonable attorney fees. In light of the fact that the County has not attempted to show that there are special circumstances that would warrant a denial of fees, *see Morscott, Inc. v. City of Cleveland*, 936 F.2d 271, 273 (6th Cir. 1991) (holding that the burden is on the non-prevailing party to make a showing that "special circumstances warrant a denial of fees."), the Court now turns to the calculation of the reasonable attorney fee award in this case.

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court determined that the basis for a fee award is the "lodestar" – the number of hours reasonably expended multiplied by a reasonable hourly rate. It is Plaintiff's burden to provide "evidence supporting the hours worked and rates claimed." *Id*. at 433. Further, the Supreme Court also directed the district courts to examine the claimed hours and exclude those hours that were not "reasonably expended." *Id*. at 434.

> Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

3

> unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.* In this case, Plaintiff's counsel has provided a thirty-two page, single spaced spreadsheet setting out the hours each attorney expended and the tasks performed on the litigation. *See* Exhibit B, Attorney Fee Worksheet (Docket #341). Counsel has also included affidavits from each attorney and the paralegal who worked on the case. *See* Exhibits C-H. Each affidavit states that the services performed were necessary to the litigation and that the time expended on each task was reasonable. The County has objected to certain entries in the attorney fee spreadsheet as being duplicative, excessive, and vaguely described.

The Court has reviewed the evidence and concludes that many of the submissions must be excluded because they are inadequately documented and vague. *See In re Samuel R. Pierce, Jr.*, 190 F.3d 586, 594 (D.C. Cir. 1999) ("Inadequate documentation 'makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given task.'") (quoting *In re Sealed Case*, 890 F.2d 451, 455 (D.C. Cir. 1989)). The Sixth Circuit has instructed that "[a] district court should state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990); *see also Geier*, 372 F.3d at 791. When faced with vague and inadequate documentation, the Court cannot offer an explanation for the acceptance or rejection of the hours claimed by Plaintiff's counsel. For example, throughout Plaintiff's fee spreadsheet there are charges for "instructions to staff," "telephone conference with

4

witnesses," or the drafting of a letter without any further explanation. Such vague descriptions deprive the Court of the ability to assess whether the time allocated was necessary to the litigation and was reasonably expended. *See Gratz v. Bollinger*, 353 F. Supp. 2d 929, 939 (E.D. Mich. 2005) (reducing counsel's requested fee where billing records contained vague entries).

The Court is also troubled by the fact that the hours requested are, in some cases, grossly excessive, in light of the task performed. For example, counsel often calculates that the drafting of a letter to the client or to the Court required over three hours of time. *See e.g.*, Exhibit B, Attorney Fee Worksheet, 12/17/97 Entry (Docket #341). Such mundane tasks do not reasonably require such an investment of time. Moreover, such excessive time does not reflect an exercise of "billing judgment." *See Hensley*, 461 U.S. at 433-34 (noting that in establishing whether hours were "reasonably expended," counsel must exercise "billing judgment"). Further, multiple tasks are often included within a single entry. For example, the 05/21/98 entry describes Mr. Parsons' 13.90 hours of work as: "Draft letter to clerk; draft Notice of Taking Deposition; draft letter to Legal Support Services with subpoenas' draft subpoenas on Hornkohl, Groenwald, Kowalkowski, Cermak, Bifoss, and Boomer; review response to Plaintiffs' Amended & Supplemental Motion for Extension of Time; memo to file regarding Page deposition questions." Exhibit B, Atty Fee Worksheet, 05/21/98 Entry (Docket #341). This "block billing" frustrates the Court's ability to determine whether a reasonable number of hours were expended on each task. *See Gratz*, 353 F. Supp. 2d at 939

5

(reducing attorney fee award because counsel's proffered billing entries contain "block billing."). Accordingly, the Court has reduced the hours requested to reflect a reasonable amount of time expended.

The next step in calculating a reasonable attorney fee is to determine a reasonable hourly rate. The proper hourly billing rate is the fair market rate in the relevant community. *Amer. United for Separation of Church and State v. Sch. Dist. of Grand Rapids*, 717 F. Supp. 488, 495 (W.D. Mich. 1989) (Enslen, J.); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community."). Plaintiff's counsel request the following hourly rates: 1) Mr. Parsons: $300/hour; 2) Mr. Ringsmuth: $250/hour; 3) Mr. Zelenock: $200/hour; 4) Mr. Thompson: $150/hour; 5) Mr. Bendure: $300/hour; and 6) Ms. Marden: $75/hour.[1] Each attorney has included in their affidavit a recitation that their fee is "a reasonable and customary hourly rate for an attorney of my skill and experience handling a matter of this type in this area." *See e.g.* Parsons Aff. ¶ 7 (Docket #341). Each affidavit also details each attorneys' level of experience and skill in the legal practice.

The Supreme Court has provided guidance on the determination of the "prevailing market rate":

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – *in addition to the attorney's own affidavits* – that the requested rates are in line with those

---

[1]Ms. Marden is a paralegal. *See* Marden Aff. ¶ 1.

> prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

*Blum*, 465 U.S. at 896 n. 11 (emphasis added). Plaintiff has not offered any evidence, other than the conclusory statement in each attorney's affidavit that their rate is customary for the community. Accordingly, the requested rates will be reduced.

While there is very little evidence from which the Court can determine the prevailing market rate, the Court has found two items that are instructive: the most recent *Economics of Law Practice* survey issued by the State Bar of Michigan and Mr. Bendure's affidavit. According to the survey, Michigan attorneys with twenty to twenty nine years in practice charge an average hourly rate of $188, attorneys with ten to fourteen years in practice charge an average hourly rate of $170, attorneys with five to nine years of experience charge an average of $168, and attorneys with 4 years or less of experience charge an average of $149. *See* Exhibit 22, State Bar of Michigan 2003 Economics of Law Practice, at 25. The survey also reports that the average hourly billing rate for Traverse City attorneys is $154. The 95th percentile rate for Traverse City is $185.

With the exception of Mr. Thompson, the requested rates for Plaintiff's counsel are considerably higher than the average rate charged for an attorney of similar experience and are well above the 95th percentile for their community. It would be unreasonable, however, to reduce counsels' hourly rate to the average billing rate, without also considering all of the circumstances in this case. *See Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989) ("[§ 1988] contemplates reasonable compensation, in light of all of the circumstances, for the time and

effort expended by the attorney for the prevailing plaintiff, no more and no less."). This case required a significant amount of time and labor, involved somewhat novel and difficult legal issues, required a high degree of skill, and ultimately resulted in a verdict in favor of Plaintiff. *See Hensley*, 461 U.S. at 430 n. 3 (setting out twelve factors that district courts may consider in calculating reasonable attorney f

ees). In light of these factors, as well as the level of experience and ability of the attorneys, the Court finds that the following reasonable rates will apply: 1) Mr. Parsons: $250/hour; 2) Mr. Ringsmuth: $225/hour; 3) Mr. Zelenock: $170/hour; 4) Mr. Thompson: $150/hour. Ms. Marden's hourly rate of $75 per hour will remain unchanged.

The Court now turns to Mr. Bendure's requested hourly rate. Mr. Bendure performed appellate legal services for Plaintiff. Mr. Bendure is approaching his thirtieth year of law practice, focuses his practice on plaintiff-appellate work, and works in the Detroit, Michigan legal community. Bendure Aff. at ¶¶ 1, 3. According to Bendure, he generally charges $250 per hour, but may charge as much as $275-$300. *Id*. at ¶ 5. Mr. Bendure does not provide an explanation why, in this case he charged $50 per hour in excess of his customary fee. Given Mr. Bendure's level of experience as well as the time and skill required to successfully litigate two appeals in this matter, the Court finds that Mr. Bendure's customary fee of $250 per hour is a reasonable hourly rate.

Finally, Plaintiff has also requested that a 1.75% multiplier be applied to enhance the attorney fee award. The Supreme Court has explained that it is Plaintiff's burden to prove

8

that an enhancement of the fee award is necessary to the determination of a reasonable fee. *Blum*, 465 U.S. at 898. While an enhancement of the fee is permissible, it is generally reserved for certain "'rare' and 'exceptional' cases." *Geier*, 372 F.3d at 794 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). The Court must determine if the requested adjustment is necessary to the award of a reasonable fee. *Barnes v. Cincinnati*, 401 F.3d 729, 746 (6th Cir. 2005). The Court is guided in this determination by the primary purpose behind federal fee-shifting statutes, such as § 1988:

> The statutes were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client. Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from actual or threatened violation of specific federal laws. Hence, if plaintiffs . . . find it possible to engage a lawyer based on the statutory assurance that he will be paid a 'reasonable fee', the purpose behind the fee-shifting statute has been satisfied.

*Delaware Valley Citizens' Council for Clean Air*, 478 U.S. at 565.

Plaintiff contends that a fee enhancement is necessary based on the substantial time and expense incurred during the litigation, the difficulty and novelty of the case, and the undesirability of the matter. Plaintiff's lead counsel has tailored his affidavit to address the twelve factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), that the Supreme Court has indicated are helpful in determining if an adjustment is necessary. *See Hensley*, 461 U.S. at 434 n. 9; *see also Barnes*, 401 F.3d at 745. The twelve factors are:

9

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Blanchard v. Bergeron*, 489 U.S. 87, 91 n. 5 (1989). The Supreme Court has repeatedly observed that many of the *Johnson* factors are subsumed within the calculation of the lodestar. *See Hensley*, 461 U.S. at 434 n.9; *Blum*, 465 U.S. at 898 ("The novelty and complexity of the issues presumably were fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment . . . .").

In this case, the *Johnson* factors have been adequately reflected in the calculation of the reasonable attorney fee. As stated previously, the reasonable hourly rate established for Plaintiff's counsel accounts for the time and labor required, the novelty and difficulty of the issues, the requisite skill, the attorneys' experience, and the successful result. A review of these factors does not require an upward adjustment of the reasonable attorney fee in this case. The attorney fee calculated under the lodestar is a sufficient reasonable fee. Therefore, it is not necessary to enhance the attorney fee. Based upon the Court's reduction of the time expended and the fees requested to reflect a reasonable amount, Plaintiff is entitled to an award of $213,081.50 as attorney fees.

B.  Taxable and Nontaxable Costs

Plaintiff also requests $127,752.36 as litigation costs and expenses.  Under Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  FED. R. CIV. P. 54(d)(1).  The basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920.  Section 1920 permits the Court to tax as costs such items as: 1) fees of the clerk and marshal; 2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; 3) fees and disbursements for printing and witnesses; 4) fees for exemplification and copies of papers necessarily obtained for use in the case; 5) docket fees under section 1923; and compensation of court appointed experts and interpreters and salaries, fees, expenses, and costs of special interpretation services.  28 U.S.C. § 1920.

Plaintiff is also entitled to recover certain expenses under § 1988.  *See Northcross v. Bd. of Educ. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979) ("The authority granted in section 1988 to award a "reasonable attorney's fee" included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.  Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988."); *Sussman v. Patterson*, 108 F.3d 1206 (10th Cir. 1997) (approving award of costs in civil rights action for photocopying, mileage, meals, and postage).

11

In support of his request, Plaintiff has provided the Court with a twenty-six page itemized list of costs incurred during the duration of this litigation. The Court has reviewed Plaintiff's submission and finds that, while Plaintiff is entitled to an award of costs, certain requested expenses are unreasonable and cannot be included in an award of costs.[2] *See, e.g., Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) (noting that out-of-pocket expenses are recoverable under § 1988 only when reasonable). For example, Plaintiff's counsel repeatedly includes charges for subscriptions to newspaper and other periodicals. The Court fails to see the necessity of periodical subscriptions to the conduct of this litigation. This is only one example of the unreasonable costs included in Plaintiff's request. Accordingly, Plaintiff's award of costs will be reduced to the reasonable costs incurred in the course of this litigation. An award of $116,765.33 in costs will be entered.

C.  Prejudgment Interest

Plaintiff also requests an award of prejudgment interest on the $600,000 judgment amount from the date of filing suit through the entry of judgment. "The decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion, and will not be overturned on appeal absent an abuse of that discretion." *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2d Cir. 1995) (internal quotation omitted). Plaintiff has directed the Court to four factors

---

[2]In making this determination, the Court is not unmindful that the award of costs will be paid with public money.

used in considering whether to award prejudgment interest. The factors include: 1) the need to fully compensate the wronged party for actual damages suffered; 2) considerations of fairness and the relative equities of the award; 3) the remedial purpose of the statute involved; and/or 4) such other general principles as are deemed relevant by the court. *Wickham Contracting Co. v. Local Union No. 3*, 955 F.2d 831, 833-34 (2d Cir. 1992). The Court is mindful of cases holding that prejudgment interest is often a component of complete compensation and that in light of § 1983's remedial purpose, interest is often included in the damages award. *See, e.g., Rao v. New York City Health & Hospitals Corp.*, 882 F. Supp. 321, 326 (S.D.N.Y. 1995). In this case, however, the remedial purposes of § 1983 are outweighed by certain equitable considerations. First, as mentioned previously, the judgment amount, attorney fees, and costs will be paid from public money. Second, this was a close case that involved a good faith dispute over the County's liability. *See Wickham Contracting Co.*, 955 F.2d at 834 (noting that prejudgment interest may be denied when "there is a good faith dispute between the parties as to the existence of any liability.") (citing *St. Louis & O'Fallon Ry. Co. v. United States*, 279 U.S. 461, 478 (1929)). The closeness of this case is reflected in the fact that two juries returned opposite verdicts. In light of the closeness of this case, the good faith dispute over the County's liability, and the fact that public money is at stake, the Court denies Plaintiff's prejudgment interest request. Of course, pursuant to 28 U.S.C. § 1961, Plaintiff is entitled to receive post-judgment interest.

D.  Conclusion

Accordingly, Plaintiff will be granted the following: 1) attorney's fees: $213,081.50; and 2) costs: $116,765.33.  The Court will not apply an upward enhancement to the attorney fee award and will not award prejudgment interest.  An order will be entered consistent with this opinion.


Date:   October 14, 2005            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE