UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GALEN BECK, Personal Representative
of the Estate of Eugene Beck,

       Plaintiff,

                                         File No. 1:97-CV-533

v.

                                         HON. ROBERT HOLMES BELL

MANISTEE COUNTY,

       Defendant.

_____/

**O P I N I O N**

On April 28, 2004, judgment was entered in this case in accordance with the jury's verdict on Plaintiff's federal civil rights claim against Defendant Manistee County ("the County"). Now before the Court is the County's motion to reduce the judgment against it by the settlement amount Plaintiff received from the City of Manistee ("the City"). For the reasons stated below, the Court denies the motion.

I.

At the outset, the Court must determine whether the County's motion is timely and thus properly before the Court. The County did not specify the rule under which it brought the present motion. Plaintiff contends that the Court must treat the motion as a Rule 59(e) motion. Rule 59(e) provides "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." FED. R. CIV. P. 59(3). Thus, treating the

County's motion as such would result in a denial of the motion as untimely.[1]  Although Plaintiff's argument has some appeal, the Court finds that the better view is to treat this motion as a Rule 60(b) motion.

In *Snowden v. D.C. Transit System, Inc.*, 454 F.2d 1047 (D.C. Cir. 1972), plaintiff, a bus passenger sued the bus owner and a driver of an automobile for damages resulting from a collision between the bus and the automobile.  During the trial, plaintiff and the automobile driver reached a settlement.  *Snowden*, 454 F.2d at 1047-48.  Thereafter, the jury found the bus owner liable for plaintiff's damages.  *Id*. at 1048.  Following the entry of judgment, the bus owner sought to reduce its liability by the settlement amount between plaintiff and the automobile driver.  *Id*.  The D.C. Circuit noted the district court erroneously treated the motion as an untimely Rule 59(e) motion and that it should have been treated as a timely motion under Rule 60(b)(5).  *Id*. at 1048 n. 3 ("Although the motion was handled as a Rule 59(e) motion, it was not denominated as such.  In our view the motion should have been treated as a Rule 60(b)(5) motion which was made within a reasonable time."); *see also Kassman v. American University,* 546 F.2d 1029, 1033 (D.C. Cir. 1976) ("A motion for a credit on a judgment should be treated as a Rule 60(b)(5) motion").  The procedural facts in *Snowden* are substantially similar to the present case.  Thus, the Court will treat the County's motion as a timely Rule 60(b)(5) motion.  *See also Helm v. Resolution Trust Corp.*, 43 F.3d

---

[1] Judgment was entered in this case on April 28, 2005.  Quite obviously, more than 10 days have elapsed between the entry of judgment and the filing of the County's motion.

1163, 1166-67 (7th Cir. 1995) (remanding case because district court failed to consider untimely Rule 59(e) motion as a Rule 60(b) motion); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.03[4] (Matthew Bender 3d ed. 2005) ("[A] court may treat an untimely Rule 59(e) motion to alter or amend a judgment as if it were a Rule 60(b) motion if the grounds asserted in support of the Rule 59(e) motion would also support Rule 60(b) relief."). Accordingly, the County's motion is timely filed and the Court will now turn to the merits of the motion.

The County contends that it is entitled to a set off in the amount of the settlement received from the City of Manistee. Prior to the second trial in this matter, Plaintiff along with then-plaintiff Sharon Beck, settled their claims against the City for the sum of $300,000.[2] On April 28, 2005, judgment was entered in the amount of $600,000 against the County in accordance with the jury verdict.[3] The County argues that the judgment against it should be reduced by the full amount of the City's settlement because "the jury verdict against Manistee County reflected the total damages due to the estate not as an allocation between the City of Manistee and the County of Manistee." Def.'s Br. at 2.

The parties dispute whether federal or state law controls the setoff issue under § 1983. This is an interesting and unsettled question. *See Dobson v. Camden*, 705 F.2d 759 (5th Cir.

---

[2] Sharon Beck was dismissed from the lawsuit based upon lack of standing to assert a loss of consortium claim under 42 U.S.C. § 1983. *See* April 18, 2005 Order (Docket #328).

[3] On October 14, 2005, the Court also awarded Plaintiff $213,081.50 in attorney fees and $116,765.33 in costs. *See* October 14, 2005 Order (Docket #348).

1983) *rev'd on other grounds*, 725 F.2d 1003 (5th Cir. 1984); *Miller v. Apartments and Homes of New Jersey, Inc.,* 646 F.2d 101 (3d Cir. 1981); *Banks v. Yokemick*, 177 F. Supp. 2d 239 (S.D.N.Y. 2001); *Goad v. Macon County*, 730 F. Supp. 1425 (W.D. Tenn. 1989); 1B MARTIN A. SCHWARTZ & JOHN E. KIRKLIN, SECTION 1983 LITIGATION CLAIMS AND DEFENSES, § 16.22 (3d ed., 1997). It is not necessary, however, for the Court to resolve this issue because, under either state or federal law, a prerequisite for applying a setoff is joint liability. *See Goad*, 730 F. Supp. at 1426 ("a review of federal law reveals [] that the issue of set-offs does not even exist if there was never 'any basis for joint liability' of the settling defendants and the defendants against whom the jury returned a verdict.") (quoting *Dobson*, 725 F.2d at 1006); *Markley v. Oak Health Care Investors of Coldwater, Inc.*, 255 Mich. App. 245, 250, 660 N.W.2d 344, 346 (2003) ("where a negligence action is brought against *joint tortfeasors*, and one alleged tortfeasor agrees to settle his potential liability . . . and a judgment is subsequently entered against the non-settling tortfeasor, the judgment is reduced *pro tanto* by the settlement amount.") (emphasis added) (quoting *Thick v. Lapeer Metal Products*, 419 Mich. 342, 348 n. 1, 353 N.W.2d 464 (1984)). In this case, the claims against the County were divisible from those against the City. Thus, there was no joint liability and the County cannot obtain a set off. *Goad*, 730 F. Supp. at 1426 ("[I]f the claims against the settling defendants were separate and distinct claims from the trial defendants, the losing trial defendants cannot call for set-off.").

While Plaintiff's decedent suffered a single, indivisible injury, the claims asserted against each defendant were separate and distinct. Plaintiff's complaint did not allege that Defendant's were jointly and severally liable for the injury, rather, it alleged a separate claim based upon each Defendant's individual policy. Plaintiff alleged that the County had an unconstitutional policy prohibiting private rescue efforts, and did not provide a meaningful alternative. Plaintiff's claim against the City, on the other hand, involved its own allegedly unconstitutional policy thwarting private rescue efforts. While similar, the claims against each Defendant rested upon separate facts and actions unique to each entity. This was demonstrated by the fact that throughout this lengthy proceeding Plaintiff consistently separated the claims and proofs against the County and the City. Moreover, each Defendant consistently set forth separate and distinct theories of non-liability. Neither Plaintiff or Defendants made any attempt to apportion fault between the two potential tortfeasors nor were any arguments raising joint liability or action in concert alleged. Finally, the second trial of this matter was strictly confined to the County's policy and actions that gave rise to liability. The jury heard little if any evidence regarding the City's policy and actions and the jury was specifically instructed to confine itself to the particular claims against the County. Moreover, the case was submitted to the jury on an agreed upon verdict form that simply asked whether it found in favor of the Plaintiff or the County on Plaintiff's claims against the

County.[4]   Therefore, the County is not entitled to a set off in this case because there is no basis for joint liability. *Compare Goad*, 730 F. Supp. at 1427 (holding that plaintiff was pursuing a joint liability theory where the complaint and pretrial order "lumped together" all defendants in the charge of unreasonable force and denial of medical attention and there was no indication that separate claims were being asserted against the multiple defendants); *Hoffman v. McNamara*, 688 F. Supp. 830, 831-32 (D. Conn. 1988) (concluding that plaintiff asserted joint liability against multiple defendants for constructive discharge where facts giving rise to plaintiff's dismissal from police academy were "inseparably linked"). Accordingly, the County's motion is denied.[5]

---

[4]This final point significantly undermines the County's claim to a set off. The County appears to argue that a set off is appropriate because the jury verdict reflected the total damages to the estate and did not allocate between the County and City. The County is partially correct. The verdict form did not allocate between the two Defendants because the case submitted to the jury only involved claims against a single defendant, the County. Thus, the jury was asked to award damages to Plaintiff caused solely by the County's unconstitutional policy. Therefore, the jury's damage award was based on the County's liability alone.

[5]The Court also notes two additional problems in the event a set off was awarded. First, given the distinct arguments and proofs advanced both for and against liability in this case, a set off would provide the County with a windfall excusing it from payment of half of the judgment against it based upon the separate policy and actions of its former co-defendant. Such an outcome cannot be permitted and would appear to run afoul of the purpose underlying § 1983. *See e.g.*, *Goad*, 730 F. Supp. at 1431 ("The Supreme Court has recognized that the primary goal of 42 U.S.C. § 1983 is to compensate victims for the injuries of having their civil rights violated."). Second, leaving aside the complex question of whether federal or state law applies, the application of state law raises a host of unresolved issues. For example, Michigan has replaced joint and several liability with several liability in wrongful death cases such as this. *See* MICH. COMP. LAWS § 600.2956; *Smiley v. Corrigan*, 248 Mich. App. 51, 638 N.W.2d 151 (2001) (holding that § 2956 was constitutional and did not violate equal protection). As stated previously, joint and several

The County has also requested that the Court "determine that the time to claim an appeal as of right, shall commence as to all issues, upon issuance of its Order in response to this motion, pursuant to Rule of Appellate Procedure 4(a)(6)."  Def.'s Br. at 4.  Even if the Court were inclined to extend the deadline for filing a notice of appeal, the County has not provided and the Court has not found any case law, statute, or rule granting such authority in the circumstances presented here.  The County appears to rely on Federal Rule of Appellate Procedure 4(a)(6).  This provision allows a district court to reopen the time for filing if certain conditions are satisfied.  FED. R. APP. P. 4(a)(6).  The County has not made any attempt to demonstrate that these conditions are satisfied.  Thus, Rule 4(a)(6) is not applicable to this case.

The Rules of Appellate Procedure provide specific deadlines for the filing of an appeal as of right.  FED. R. APP. P. 3(a)(1) ("An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4.").  In a civil case, a notice of appeal must be filed within 30 days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  The County did

---

liability is a necessary prerequisite for awarding a set off.  *See e.g., Markley*, 255 Mich. App. at 255, 660 N.W.2d at 349 (noting that the application of several liability in tort cases rendered a set off unnecessary because a nonsettling defendant "would necessarily be responsible for an amount of damages distinct from the settling defendant on the basis of allocation of fault.").  Thus, it appears that, under state law, the County may not be entitled to a set off.  Further, pursuant to Michigan law, absent jury findings regarding the allocation of fault, the Court has no power to adjust the judgment.  *See* MICH. COMP. LAWS § 600.6304.  These issues have not been addressed and would need to be evaluated if state law were to apply.

7

not file a notice of appeal within this time period.  Nor did the County request an extension of time as provided in Rule 4(a)(5).  The deadline to file a notice of appeal of the April 28, 2005 judgment has expired long ago.[6]  Thus, the County's motion is denied.

Accordingly, the County's motion requesting a set off of Plaintiff's settlement amount and requesting additional time to file a notice of appeal is denied.  An order will be entered consistent with this opinion.


Date:    December 1, 2005            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[6]It is well settled that the filing of a motion requesting costs and attorney fees does not toll the deadline to file a notice of appeal under Rule 4(a)(1).  *See Smillie v. Park Chemical Co.*, 710 F.2d 271, 273-74 (6th Cir. 1983).